IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI SCHER-ZAGIER,<br><br>                            Plaintiff,<br>      v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>                            Defendant. | Case No. _24-3262_____<br><br>**COMPLAINT** |

Plaintiff ELI SCHER-ZAGIER, by his undersigned attorneys, alleges:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief, including an order to produce agency records in response to a FOIA request properly made by Plaintiff Eli Scher-Zagier to Defendant, the Central Intelligence Agency ("the CIA").

2. Mr. Scher-Zagier is seeking access to CIA records that describe instances of workplace sexual misconduct, the agency's responses to those incidents, and its policies for such responses.

3. The public has a direct interest in understanding the actions that the CIA is taking to understand, respond to, and prevent sexual misconduct. Extensive public, Congressional, and agency attention to sexual misconduct at the CIA underscores this public interest. *See, e.g.*, Jim Mustian & Joshua Goodman, CIA Stairwell Attack Among Flood of Sexual Misconduct Complaints at Spy Agency, AP (Aug. 24, 2023). In the year since Mr. Scher-Zagier filed this FOIA request, there has been consistent press coverage of sexual misconduct at the CIA. Dan De Luce, CIA Botched Its Handling of Sexual Assault Allegations, House Intel Report Says, NBC (Apr. 22, 2024); Jim Mustian & Joshua Goodman, New CIA Workplace Assault Case Emerges as Spy Agency Shields Extent of Sexual Misconduct in Ranks, AP (Sept. 11, 2024); Katie Bo

Lillis, Exclusive: CIA Struggles With Its Own #MeToo Moment as Allegations of Sexual Assault Spill Into the Open, CNN (Oct. 9, 2024).

## PARTIES

4. Plaintiff Eli Scher-Zagier is a person who requested agency records under FOIA.

5. Defendant CIA is an agency of the United States government that has possession and control of the records that Plaintiff seeks to inspect and copy.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A).

9. Because the CIA has yet to make such a determination for Plaintiff's FOIA request filed in November 2023, the CIA has failed to meet the statutory deadline to respond to the request and Plaintiff is deemed to have exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C)(i).

## FACTS

10. On November 22, 2023, Mr. Scher-Zagier submitted a FOIA request to the CIA (the "Request"), via the agency's online portal, seeking copies of the following records:

> (1) For the time period 2015 to present, any reports on sexual harassment or misconduct at CIA, including CIA's annual report on sexual harassment that describes "without names, sexual harassment cases [CIA] had that year and how they were resolved." *See* U.S. Comm'n on Civ. Rts., Federal #MeToo 35, available at https://www.usccr.gov/files/pubs/2020/04-01-Federal-Me-Too.pdf (describing this annual report).

2

      (2) For the period 1996 to present, any information or records describing contemplated, threatened, or actual use of CIA's summary firing authority under 50 U.S.C. § 3036(e)(1).

      (3) For the period 2021 to present, any CIA Agency Regulation or other official policy, regulation, or guidance (including intranet pages or FAQs) defining sexual assault.

      (4) For the period 2015 to present, any posts on internal blogs or wikis (including but not limited to I-Space, R-Space, Intelink, and Intellipedia sites) that describe sexual harassment, sexual assault, or other sexual misconduct at CIA.

      (5) CIA's "new, clear guidance on how to report incidents of sexual assault and harassment." Cent. Intel. Agency, CIA Taking Steps to Address Handling of Allegations of Sexual Assault and Harassment (May 11, 2023) (stating such guidance would be issued by the end of May 2023).

    11.    The request also sought a fee waiver because disclosure is in the public interest, will contribute significantly to public understanding of a matter of public concern, *i.e.*, the sexual misconduct policies and practices at the CIA, and is not primarily in the commercial interest of the requester.

    12.    Upon submitting the request, Mr. Scher-Zagier received an immediate, automated submission confirmation from the agency's online portal.

    13.    Almost two months after Mr. Scher-Zagier submitted it, the CIA acknowledged receipt of his FOIA request by a letter dated January 19, 2024, assigned his request tracking number F-2024-00574, and waived fees.

    14.    The CIA's FOIA tracker at https://www.cia.gov/readingroom/request/status identifies Mr. Scher-Zagier's request to this day as "In Process" and provides no further information.

    15.    On September 6, 2024, Mr. Scher-Zagier attempted to obtain an update on his FOIA request by calling the CIA FOIA telephone number provided in the agency's acknowledgment letter, (703) 613-1287. His call was answered only by an automated message

stating that the voicemail box for the CIA FOIA phone line was full and could take no further messages.

16. Since the January 19, 2024, letter, Mr. Scher-Zagier has received no communication from the agency of any sort regarding his request.

17. As of the date of this pleading, nearly one year after Mr. Scher-Zagier filed his request, the CIA has produced none of the requested records and provided no substantive response to Mr. Scher-Zagier's request.

## **CLAIM**

18. Plaintiff repeats, re-alleges, and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

19. The CIA is an agency subject to FOIA that "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly to any person," or provide a lawful reason for withholding any other materials for which it claims an exemption. 5 U.S.C. §552(a)(3)

20. The CIA has constructively denied Plaintiff's FOIA request—and Plaintiff has thus exhausted his administrative remedies—because the CIA has failed to comply with FOIA's timing requirements to "determine within 20 days [...] after the receipt [of a] request whether to comply with such request and [to] immediately notify the person making such request of" its determination. 5 U.S.C. § 552(a)(6)(C).

21. Defendant's failure to timely provide a substantive response to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(6)(A). The CIA has not established that any exemptions permit the withholding of records sought by the request.

22. Plaintiff is entitled to an order compelling the CIA to produce records responsive to the request.

### **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that the records sought in Plaintiff's FOIA request are public records under 5 U.S.C. § 552 and must be disclosed;

B. Order the CIA to immediately conduct a thorough search for all records responsive to Plaintiff's request;

C. Order the CIA to provide the records to Plaintiff within 20 business days of this Court's order;

D. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: November 18, 2024

Respectfully submitted,

MEDIA FREEDOM &
 INFORMATION ACCESS CLINIC

By: /s/ *David A. Schulz*
David A. Schulz (#459197)
Media Freedom & Information Access Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
(212) 850-6103
schulzd@ballardspahr.com

*Counsel for Plaintiff*